UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE E. STEINMAN,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,

    Defendant.

Case No. 15-cv-11068

Hon. Thomas L. Ludington

Magistrate Judge Patricia T. Morris

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, ACE AMERICAN INSURANCE COMPANY, by and through its attorneys, Kevin J. Plagens and Kopka Pinkus Dolin, PLC and for their Answer to Plaintiff Complaint, hereby state as follows:

1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief and leaves Plaintiff to his strict proofs.

2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief and leaves Plaintiff to his strict proofs.

4.   Answering Paragraph 4 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief and leaves Plaintiff to his strict proofs.

5.   Answering Paragraph 5 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief and leaves Plaintiff to his strict proofs.

6.   Answering Paragraph 6 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief and leaves Plaintiff to his strict proofs.

7.   Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

8.   Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that the same are untrue.

9.   Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendant, ACE AMERICAN INSURANCE COMPANY, prays this Honorable Court dismiss this matter and award Defendant attorney fees, costs and such other relief as the Court deems just and equitable in the premises, all as provided by Michigan statute as will be shown by competent proof at trial.

                                    Respectfully submitted,

Dated:   June 18, 2015        By: */s/ Kevin J. Plagens*
                                      KEVIN J. PLAGENS
                                      KOPKA PINKUS DOLIN, PLC
                                      Attorneys for Defendant
                                      33533 W. Twelve Mile Road, Suite 350
                                      Farmington Hills, MI  48331-5611
                                      (248) 324-2620
                                      KJPlagens@kopkalaw.com
                                      P55992

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE E. STEINMAN,

    Plaintiff,

v.

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.

Case No. 15-cv-11068

Hon. Thomas L. Ludington

Magistrate Judge Patricia T. Morris

## **DEFENDANT'S ORDINARY AND AFFIRMATIVE AND DEFENSES**

NOW COMES Defendant, ACE AMERICAN INSURANCE COMPANY, (henceforth "ACE") by and through its attorneys, Kevin J. Plagens and Kopka, Pinkus, Dolin, and for their Affirmative and Ordinary Defenses states as follows:

PRESENTMENT

1. The benefits that Plaintiff claims in this action are not past due pursuant to MCLA 500.3142(1), MSA 24.13142(1) because losses have not yet accrued.

2. The benefits that Plaintiff claims in this action are not past due because Plaintiff has not provided Defendant ACE with reasonable proof of the fact and the amount of loss sustained.

3. Plaintiff's claims are based on an assignment of a right to benefits payable in the future and are therefore invalid pursuant to MCLA 500.3143, MSA 24.13143.

## STATUTE OF LIMITATIONS/ONE-YEAR-BACK RULE

4. Plaintiff's claims are barred by MCLA 500.3145(1), MSA 24.13145[1]. DeVilleers v ACIA 473 Mich 562; 702 NW2d 539 (2005).

## ENTITLEMENT

5. Defendant ACE may not be the highest order of priority, pursuant to MCLA 500.3114, MSA 24.13114, for the payment of personal protection insurance benefits to Plaintiff

6. When the accident occurred, Plaintiff may have been occupying a vehicle operated in the business of transporting passengers and may not be entitled to benefits from Defendant.  MCLA 500.3114(2), MSA 24.13114[2].

7. Plaintiff's claims may be, in whole or in part, fraudulent or so excessive that they have no reasonable foundation which entitles Defendants to an award representing an attorney fee for the cost of defending this action pursuant to MCLA 500.3148(2), MSA 24.13148[2].

8. Plaintiff's benefits are not past-due, nor did Defendant ACE unreasonably delay or refuse to pay benefits because a reasonable question of

entitlement and/or a reasonable question of law existed such that Plaintiff is not entitled to an attorney fee under MCLA 500.3148(1), MSA 24.13148[1].

## COORDINATION

9. Plaintiff may have a coordinated policy of insurance and has failed to obtain primary coverage within the obligations of his primary health carrier to the detriment of Defendant pursuant to MCL 500.3109(a). Tousignant v Allstate Insurance Co., 444 Mich 301.

## PROXIMATE CAUSE

10. Plaintiff's claims for benefits are not causally related to any injuries allegedly sustained as a result of the accident.

11. Plaintiff's alleged injuries did not arise out of the ownership, maintenance, or use of a motor vehicle on October 3, 2012.

## REASONABLENESS AND NECESSITY

12. Plaintiff's claims for benefits represents unreasonable, unnecessary, or excessive charges contrary to the Michigan No-Fault Insurance Act and the policy provisions.  MCLA 500.3107(1)(a), .3157, MSA 24.13107[1][a], 13157.

13. Plaintiff's entitlement to benefits under the alleged policy of insurance with Defendant ACE is in dispute, in whole or in part, on the basis that Plaintiff's claims for allowable expenses and medical services is for unreasonable or

3

excessive charges or was incurred for products and services that were not reasonably necessary or otherwise not proximately related to injuries allegedly sustained as a result of the accident.

## OTHER

14. Defendant ACE has complied with all the applicable statutes and insurance policy provisions in the handling and processing of Plaintiff's claims.

15. Defendant ACE is entitled to any and all set-offs, deductions, and limitations applicable to the payment of personal protection insurance benefits provided for in the Michigan No-Fault Insurance Act.  MCLA 500.3101 et seq., MSA 24.13101 et seq.

16. Plaintiff was represented by legal counsel at all times, complained of, must accept the actions and/or inactions of attorneys as being his own, e.g., *White v Sadler*, 350 Mich. 511; 87 N.W.2d 192 (1957).

17. Plaintiff has failed to state a cause of action upon which relief may be granted.

18. Plaintiff has failed to comply with the provisions of the insurance contract and/or Michigan No-Fault Act MCL 500.3101 et. seq. which require adequate documentation and substantiation of the fact and amount of the claimed benefits, along with reasonable proof that said expenses, lost wage claim, or service claim, respectively, are related to the accident in question.

19. The contract of insurance applicable to this accident, may provide for coordinated benefits which renders any other health and accident coverage as the primary coverage for medical expenses, and/or wage loss indemnification. Thus, Defendant ACE can only be held responsible for excess medical expenses and/or wage loss, which is not otherwise paid or payable by said primary coverage.

20. The contract of insurance applicable to this claim permits a deductible, and that said deductible payment must be subtracted from any payment of benefits in this matter.

21. The Plaintiff's hospitalizations and/or treatment were neither reasonable, nor necessary, and were excessive in length given the nature and circumstances surrounding the accident at issue.

22. The hospitalizations and expenses relating thereto were unreasonable, unnecessary, excessive in length, and were solely for purposes of creating a windfall to the Plaintiff premised on his election of non-coordinated benefits under Defendant ACE's policy of insurance.

23. All benefits allegedly due and owing at the time of the filing of the Complaint have been paid, and therefore, Plaintiff's Complaint is barred on the basis of release, set-off, payment, and/or statute of frauds.

24. The Plaintiff's claims for payment of all medical bills allegedly arising out of the allegations set forth in Plaintiff's Complaint are barred based

5

upon the Learned Profession Doctrine and the Corporate Practice of Medicine Doctrine, and therefore, Defendant ACE is entitled to a judgment as a matter of law.

25. To the extent that Plaintiff has accepted and negotiated checks from Defendant ACE in payment of any and all such benefits, same represents an accord and satisfaction precluding re-submission, renegotiation, or re-litigation of such items.

26. Defendant ACE denies any wrongful refusal of pay/No-Fault benefits and avers that the Plaintiff's claims are unreasonable, and spurious, and that the Defendant is entitled to reimbursement for actual attorney fees and costs in defending this litigation, as set forth in MCLA 500.3148.

27. The Plaintiff has failed to comply in whole or in part with the Michigan No-Fault Act, as amended, as a precondition for the recovery of benefits, and has violated the terms, conditions and exclusions of the insurance policy.

28. Pursuant to MCL 600.6304, Defendant is entitled to have the trier of fact determine the percentage of total fault of all of the parties, if any, regarding each claim made by Plaintiff, and are further entitled to have the trier of fact consider both the nature of the conduct of each party found to be at fault, if any, and the extent of the causal relationship between the conduct and the damages claimed.

29. Pursuant to the contract between the parties, Defendant ACE did not owe and/or breach any duties or contract as alleged.

30. Defendant ACE reserves its right to the full benefit and protection of any and all relevant portions of the Michigan Tort Reform Act, including but not limited to MCL 500.3101 et seq., MCL 600.1483 through MCL 600.6455, MCL 500.3131 through MCL 500.3177, inclusive.

31. Plaintiff's claims are barred due to his failure to fulfill the contractual requirements.

32. Plaintiff's claims are barred under the doctrine of laches.

33. Plaintiff's claims are barred due to a contractual clause and/or statutory provisions of Michigan's No-fault Act MCL 500.3101 et seq, limiting the amount of Plaintiff's benefits/damages.

34. Plaintiff's Complaint may be barred because of prior judgment, bankruptcy, immunity granted by law, presumption of risk, an agreement to Arbitrate, an assignment, or other disposition of the claim before commencement of the action.

35. Plaintiff's injuries fail to meet the No-Fault threshold as set forth in MCL 500.3135 and, therefore, all economic and non-economic benefits are barred.

36. Plaintiff is barred from recovery of economic and/or non-economic damages per MCL 500.3101, et seq., and Defendants requests all applicable set-offs.

37. Plaintiff has failed to comply with the applicable statute of limitations pursuant to MCL 500.3101 et seq.

38. Plaintiff has failed to join all claims and/or necessary parties.

39. Plaintiff's claims are barred by release and/or accord and satisfaction.

40. ACE has not violated any provision of the Michigan No-fault Act as alleged.

41. ACE has not made any false, deceptive, or misleading statements/representations to the Plaintiff regarding, payments of any alleged benefits due and owing, the terms or conditions of insurance policy, or no-fault benefits Plaintiff alleges he is entitled to.

42. ACE has not made any false, deceptive, or misleading statements/representations to the Plaintiff.

43. ACE has not misrepresented, made, advertised, published, circulated either directly or indirectly any false or misleading information regarding the coverage to the Plaintiff, and/or payments for benefits he alleges are due and owing.

44. Plaintiff's claims for no-fault benefits, for expenses, services, products, wage loss and replacement service benefits are time barred pursuant to MCL 500.3107, and/or MCL 500.3145.

45. Defendant is not in the highest order of priority to provide the Plaintiff with no-fault benefits pursuant to MCL 500.3101 et seq.

46. Defendant is entitled to set off all government benefits Plaintiff has received or may be entitled to receive.

47. There are intervening and superseding injuries that were not the proximate cause of this incident.

48. There are intervening and superseding injuries that were not proximately caused by the automobile accident on October 3, 2012.

49. No wage loss benefits are due and owning.

50. No attendant care benefits are due and owing.

51. No benefits for reasonable and/or related services are due and owing.

52. No replacement service benefits are due and owing.

53. Plaintiff has failed to provide the Defendant with reasonable proof of the fact and amount of loss sustained as required pursuant to the Michigan No-Fault Act 500.3101 et seq.

54. Any and all benefits Plaintiff alleges are due and owing more than one year prior to the filing of this complaint are barred pursuant to MCL 500.3145.

55. Defendant hereby demands a reply to each and every affirmative defense as set forth herein.

                                        Respectfully submitted,

Dated: June 18, 2015

By: */s/ Kevin J. Plagens*
KEVIN J. PLAGENS
KOPKA PINKUS DOLIN, PLC
Attorneys for Defendant
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI 48331-5611
(248) 324-2620
KJPlagens@kopkalaw.com
P55992

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE E. STEINMAN,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,

    Defendant.

Case No. 15-cv-11068

Hon. Thomas L. Ludington

Magistrate Judge Patricia T. Morris

---

### DEFENDANT'S DEMAND FOR TRIAL BY JURY

NOW COMES the Defendant, ACE AMERICAN INSURANCE COMPANY, by and through its attorneys, Kevin J. Plagens and KOPKA PINKUS DOLIN PLC, and hereby makes a demand for a trial by jury of each and every matter at issue in the above entitled cause pursuant to Fed. R. Civ. P. §38 and Fed. R. Civ. P. §5(d).

Respectfully submitted,

Dated:   June 18, 2015

By: */s/ Kevin J. Plagens*
KEVIN J. PLAGENS
KOPKA PINKUS DOLIN, PLC
Attorneys for Defendant
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI  48331-5611
(248) 324-2620
KJPlagens@kopkalaw.com
P55992

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kenneth L. Butters: Ken.butters@brickgentrylaw.com.

*/s/ Ominique Rogers*
OMINIQUE ROGERS
Legal Assistant
KOPKA, PINKUS, DOLIN, PLC
ODRogers@Kopkalaw.com